FILED
MISSOULA, MT

2006 NOV 21 PM 2 39

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| DEBRA AMES, | ) | CV 05-39-M-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Ames brings this action under 42 U.S.C. §§ 1381-1383c seeking judicial review of an administrative law judge's ruling upholding the Commissioner on Social Security's decision denying Ames' application for supplemental security income benefits.

United States Magistrate Carolyn S. Ostby entered Findings and Recommendations in this matter on September 18, 2006.  Ames has objected and so is entitled to de novo review of the record. 28 U.S.C. § 636(b)(1).  The Parties are familiar with the procedural and factual history so they will be recited only as



necessary.

I concur with Judge Ostby's finding that this matter should be remanded for further administrative proceedings. *See Harman v. Apfel*, 211 F.3d 1172 (9th Cir. 2000). Although the Commissioner has not entirely abided with procedure, Ames is not entitled to payment of benefits as she asserts. The case warrants further investigation and analysis to determine the extent of Ames' ability to perform work.

Specifically, the Court finds the administrative law judge complied with step three, the assessment of Ames' impairments, of the five-step sequential evaluation process. As Judge Ostby noted, the administrative law judge properly incorporated the assessments conducted by Dr. Brown and complied with the regulations in that process.

The administrative law judge also relied upon sufficient reasoning in its evaluation of Ames' treating physician, Dr. Robert Bush. As noted, a treating physician's opinion is not necessarily conclusive. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Moreover, Judge Ostby and the administrative law judge both recounted specific and legitimate reasons to discount Dr. Bush's findings on Ames' residual functional capacity.

Judge Ostby also properly affirmed the administrative law judge's conclusion that credibility was an issue. Ames contests this, but based on case law standards (*Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986).) and analysis of Ames' comportment through

Social Security Ruling 96-7p, there was sufficiently clear and convincing reason to find a lack of credibility regarding the use of medication and Ames' ability as evidenced through her daily activities.[1]

Finally, Ames takes issue with the administrative law judge's alleged failure to obtain proper vocational testimony on her ability to perform other work. Judge Ostby's recommendation to remand this for further analysis on this very issue renders this point moot.

Accordingly, based on the foregoing I adopt Judge Ostby's Findings and Recommendation (dkt #33) in full.

IT IS HEREBY ORDERED that Ames' motion for summary judgment (dkt #13) is DENIED; and

IT IS FURTHER ORDERED that the motion to remand (dkt #18) is GRANTED. The case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings to determine whether Ames can perform other work in the national economy upon consideration of her age, education, and residual functional capability.

---

[1] Ames objects that the administrative law judge failed to properly use this structure for analysis and ties this to Dr. Bush's findings for support. However, the Court finds no compelling reason to deviate from Judge Ostby's judgment of the value of Bush's opinions and Ames' alleged disabilities. As Barnhart argues in response, Ames' objections repeat the same points rejected by the administrative law judge and Judge Ostby. There are legitimate questions concerning Ames' capacity to work, but those will be answered via remand.

DATED this 21st day of November, 2006.

_____
Donald W. Molloy, Chief Judge
United States District Court